**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| TYRONE RODDELL SMITH | ) | |
| ADC # 133772 | ) | |
|     Petitioner, | ) | **Case No. 5:14-CV-00070 DPM-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

**Instructions**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by Tyrone Roddell Smith. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

On June 15, 2005, Petitioner was convicted by a Pulaski County (Arkansas) jury of two counts of rape, committed against his eleven-year-old stepdaughter and her twelve-year-old friend during a sleepover at Petitioner's house.  He was sentenced to concurrent terms of 35 years' imprisonment for each count.  On appeal, Petitioner argued that the trial court erred when it overruled his objection to the prosecutor's improper comments during closing. His convictions were affirmed by the Arkansas Court of Appeals on October 4, 2006. *Smith v. State*, 2006 WL 2848660 (Ark. App.)). He did not seek review by the Arkansas Supreme Court or any

postconviction relief.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel and 2) the prosecutor engaged in prosecutorial misconduct. However, his claims fail because they are time barred, procedurally defaulted, and without merit.

Respondent contends that Petitioner's claims are barred by the statute of limitations. Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner had until October 23, 2006, to appeal the Arkansas Court of Appeals's decision during his direct review, so the statute of limitations expired on October 24, 2007. The current petition was not filed until February 26, 2014. The untimeliness is apparently due to Petitioner's ignorance of the filing deadlines, but this is insufficient to warrant equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562. Accordingly, the Court finds that equitable tolling is unwarranted, and the petition is time barred.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has

3

*properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for one *complete* round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults of his ineffective assistance claim, Petitioner has failed to establish sufficient prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). There was a substantial amount of evidence to support his conviction, and the conclusory allegations contained in his petition are insufficient to establish prejudice.   Lastly, Petitioner's claims are without merit.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 27th day of October, 2014.

_____
United States Magistrate Judge